Court of Appeals for Wood County.

TOLEDO & OHIO CENTRAL RAILWAY COMPANY v. HARRY L. WILSON, DOING BUSINESS UNDER THE FIRM NAME OF THE PRAIRIE DEPOT ELECTRIC LIGHT COMPANY.*

Decided, October 22, 1913.

*Railways—Demurrage Charges Must be for a Reasonable Period—Consignee Refused to Accept Shipment and Car Was Not Unloaded until Contents Were Sold.*

Where a consignee refuses to accept a car load of freight, the railway company must make disposition thereof within a reasonable time, and a demurrage charge on the car so detained can be made only for a reasonable time.

*Doyle & Lewis,* for plaintiff.
*Ora L. Wade,* contra.

KINKADE, J.

This action in the common pleas court was begun to recover an amount claimed to be due the railway company for demurrage on a car claimed to have been held without being unloaded for a given period of time by the defendant. The railway company sought to recover $64.69 as demurrage. The case was submitted to the court of common pleas on a stipulation of counsel for the

respective parties, and the evidence. A jury being waived, the court of common pleas found in favor of the railway company for $14.60, and entered judgment accordingly. This is a proceeding in error to reverse that judgment. The claim is made that the finding and judgment of the court of common pleas is at variance with the stipulations made between the parties at the commencement of the trial, and attention is called to the fact that that stipulation in terms provided that $64.69 was the correct balance due for demurrage, if the defendant was liable.

Upon the hearing of the case here it was stated that the whole matter turned upon the construction and meaning of this stipulation made at the trial.

The bill of exceptions shows that the case was not only heard upon the stipulations, but upon the evidence as well. It is clearly evident from the record that the common pleas court considered the stipulations mentioned as meaning that if the defendant was liable for demurrage for the whole period which the car remained unloaded, then, and in that event, the amount mentioned in the stipulation would measure and determine the amount of the judgment to be entered.

The defendant ordered a car of coal from a coal company, agreeing to pay a stipulated price per ton for the coal f. o. b. car at the mine. No directions were given by the defendant as to the route over which the coal should be shipped. The coal was shipped over the Pennsylvania Railroad from the Cambridge mine district in Southern Ohio to Toledo and thence to Prairie Depot over the Toledo & Ohio Central Railway. Immediately upon the arrival of the car the consignee gave the railway company notice, and notified the consignor that he refused the car, which was done solely on the ground that the freight rate of $1.60 per ton was excessive, the consignee claiming that the proper freight rate, had the car been shipped over a direct line and not around by way of Toledo, would have been but $1 per ton. Correspondence ensued between the consignor and the defendant relative to the disposition of the car. The defendant at all times refused to accept the car unless a reduction of the freight of $1 per ton was made. The consignor at

all times declined to take any steps looking to any further disposition of the car of coal, for the reason that the consignor claimed that the delivery of the car of coal to the common carrier passed the title therein to the defendant, and that thereafter the consignor had no further concern as to what should be done with the car of coal.

The railway company permitted the car to remain loaded for some sixty-eight days, and then to satisfy its claim for freight at the rate of $1.60 per ton, sold the car of coal, and from the proceeds paid the freight due to itself and the Pennsylvania Railroad, and credited the balance of $3.04 remaining upon its claim for demurrage.

The common pleas court held that the facts I have enumerated, which are not disputed in the record, justified the railway company in taking a reasonable time within which to dispose of the carload of coal that had been delivered at Prairie Depot and declined by the consignee, the defendant, and that for this time a demurrage charge of $1 per day was a proper charge against the defendant.

The court fixed the reasonable time at fifteen days, gave credit upon the claim thus arising against the defendant for the surplus remaining after the application to the payment of the freight, of the money received for the coal at the sale, and entered judgment for the balance in the amount I have stated.

The position taken by the railway company that it had the right to leave the car at Prairie Depot as long as it saw fit to do so, whether that be a reasonable time for the disposition of it or not, and notwithstanding the fact that it knew definitely upon its delivery there that the car would not be accepted, and then collect demurrage for the full time that the car should be left there, does not seem tenable.

We think, upon the whole record, the action of the trial court was correct, and the judgment of the common pleas court will be affirmed.

RICHARDS, J., and CHITTENDEN, J., concur.